UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BEVERLY L. MILLER                                                                                        PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:01-CV-339-S

ADMINISTRATIVE OFFICE OF THE COURTS, et al                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of the defendant, the Honorable Judge James M. Shake in his official capacity ("Judge Shake"), for summary judgement (DN 116). Also before the court are the motions of the defendants, the Honorable Judge Thomas B. Wine ("Judge Wine") and Tim Vize ("Vize"), for summary judgement on the plaintiff's state-law whistleblower claim (DNs 117 and 118).

## BACKGROUND

The plaintiff, Beverly L. Miller ("Miller"), filed this suit alleging three causes of action. Counts I and II allege violations of Miller's right to free speech and due-process under 42 U.S.C. § 1983. Count III alleges a state-law claim under Kentucky's Whistleblower Act, Kentucky Revised Statute 61.101 et seq. (the "Whistleblower Act").

The Complaint names as defendants the Kentucky Administrative Office of the Courts (AOC), Jefferson County Chief Court Administrator Tim Vize in his official and individual capacity, Chief Judge Thomas B. Wine in his official and individual capacity, and Chief Judge James M. Shake in his official capacity only. We have dismissed Miller's complaint in its entirety against the AOC. We have also dismissed Counts I and II of the Complaint against Judge Wine and Vize in

their official and individual capacities.  The only remaining claims are Miller's Section 1983 claims against Judge Shake and her Whistleblower Act claims against Judge Shake, Judge Wine and Vize.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent summary judgment.  The disputed facts must be material.  They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).  The dispute must also be genuine.  The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party.  *Id.* at 2510.  The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.  *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.  *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## I.  CLAIMS AGAINST JUDGE SHAKE

Judge Shake seeks summary judgment on all three counts of the Complaint.  In light of this court's previous ruling dismissing Miller's federal claims against Judge Wine and Vize, we will grant Judge Shake's motion as to Counts I and II.

The only remaining claim against Judge Shake is Miller's state-law claim alleging a violation of the Whistleblower Act.  Judge Shake argues that the Eleventh Amendment prohibits this court from issuing judgment against him in his official capacity on the basis of state law.  We agree.

Judge Shake is a defendant in his official capacity only and has no personal involvement in the events at issue in Miller's claims.  Miller seeks an order from this court ordering Judge Shake to reinstate her should it be determined that the defendants violated the Whistleblower Act.

> In *Pennhurst*, the Supreme Court held that the Eleventh Amendment forbids federal courts from enjoining state institutions and state officials on the basis of state law and that the doctrine of pendent jurisdiction does not override the Eleventh Amendment.... However, neither the Eleventh Amendment nor *Pennhurst* deprives federal courts of jurisdiction over state law claims for damages against state officials sued in their individual capacity.

*Williams v. Kentucky*, 24 F.3d 1526, 1543 (6th Cir. 1994)(citation omitted).  Based on Eleventh Amendment immunity, we will dismiss Count III against Judge Shake and grant his motion for summary judgment.

## II.  CLAIMS AGAINST JUDGE WINE AND VIZE

For the reasons stated above we will dismiss Miller's Whistleblower Act claim against Judge Wine and Vize to the extent that the claim is made against them in their official capacities.  Therefore, the only remaining claim in this action is the Whistleblower Act claim against Judge Wine and Vize in their individual capacities.

The Whistleblower Act protects state employees from reprisal for reporting information regarding actual or suspected fraud, waste and mismanagement.  *Davidson v. Commonwealth*, 152 S.W.3d 247, 249 (Ky. Ct. App. 2004).  The Kentucky Supreme Court held that an employee must establish four elements to demonstrate a violation of the Whistleblower Act.  *Woodward v. Commonwealth*, 984 S.W.2d 477, (Ky. 1998).

> First, from the context of this chapter, the employer must be an officer of the state or one of its political subdivisions. Second, the employee must be a state employee

> or an employee of a political subdivision. Third, the employee must make a good faith report of a suspected violation of state or local statute or administrative regulation to an appropriate body or authority. Fourth, the defendant must be shown to act to punish the employee for making this report or to act in such a manner so as to discourage the making of this report.

*Id*. at 480-81.

We find that Miller is unable to establish that she reported the type of information which is protected by the statute. The disclosure of publicly known information is not a disclosure within the meaning of the Whistleblower Act. *Davidson*, 152 S.W.3d at 255. The purpose of the Whistleblower Act "is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information. *Id*. (citation omitted).

Miller contends that she was terminated for reporting concerns of fraud, waste and mismanagement by court personnel. Specifically, Miller claims that she reported that Vize and Court Administrator Roger McCubbins ("McCubbins") were being paid to perform duties relating to the jury pool that were never performed. These duties were listed on the job descriptions submitted to the AOC by Vize and McCubbins. However, the letter in which Miller claims she reported the alleged fraud, waste and mismanagement stated "**[a]s you know**, for over 20 years the Court Administrators in Jefferson County have not performed these duties assigned by AOC." Complaint, Exh. L (emphasis added). Since the recipients of the report where already aware of the fact that court administrators did not perform jury pool management duties, Miller's acts do not constitute disclosures or reports that are protected by the Whistleblower Act.

Also, Miller's report cannot be said to disclose unknown information since it does not disclose a violation. The job duties Miller claims were never performed are only "Examples of Duties." They are not mandatory job requirements. In fact, the "Examples of Duties" are part of a class specification system used by the state court. "A class is a group of positions sufficiently similar as to duties performed, scope of discretion and responsibility, minimum requirements of

training, experience, or skill, ... Class specifications are descriptive and explanatory. They are designed to indicate the kinds of positions which should be allocated to each class." DN 117, Exh. 2, p. 4-1. The duties Miller reported were not required, and therefore, did not disclose any fraud, waste or mismanagement. Therefore, we find that Miller did not report concealed information.

## **CONCLUSION**

For the reasons set forth above, the court will grant summary judgement in favor of the defendants. A separate order will be entered herein this date in accordance with this opinion.